752 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Fooks v. George M. Harris & Son.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

CLARENCE FOOKS, PETITIONER, v. GEORGE M. HARRIS &
SON AND TRAVELERS INSURANCE COMPANY, RE-
SPONDENTS.

**Insurance Carriers Liability—Employer Must Carry Insurance—
Not Within Jurisdiction of Bureau to Determine Questions
of Policy or Contract Between Employer and Insurance
Carrier—Judgment Against Employer, Who Has Recourse to
Law Courts Against Carrier.**

For the complainants, *Frank T. Lloyd, Jr.*

For the employer-respondent, *Joseph B. Tyler.*

For the insurance company-respondent, *E. B. Brandriff.*

\* \* \* \* \* \* \* \* \*

This is an action brought by petitioner, Clarence Fooks,
against George M. Harris & Son as employer and Travelers
Insurance Company as insurance carrier. At the time of
hearing a stipulation was entered upon the record, as fol-
lows: "It is stipulated and agreed between the attorneys
for petitioner and respondent that claimant suffered an
accident on June 21st, 1923, arising out of and in the course
of his employment with George M. Harris & Son. The acci-
dent was as follows: He cranked a Mack truck while it was
in gear; the truck started ahead, and, while trying to stop it,
his arm was caught and injured. As a result of said accident
petitioner suffered temporary disability to November 21st,
1923, and permanent disability of one-third loss of his right
hand. His wages at the time of the accident were $21 a
week, making the compensation rate $12. Medical expenses
amounting to $135. The question at issue is the payment of
the compensation, and by which defendant or both."

From the above stipulation it can be readily seen that the
only question at issue is as to whether the employer or the

insurance company is liable to pay for the above-stated compensation due. The respondent George M. Harris & Son at the trial of the case put in evidence an insurance policy given by the Travelers Insurance Company to George M. Harris & Son, covering all liability of George M. Harris & Son for compensation due for employes in case of accident, and George M. Harris & Son contends that, because of such insurance, the Travelers Insurance Company is liable for the payment of compensation to petitioner. Respondent the Travelers Insurance Company contends that the workmen's compensation bureau is without jurisdiction to determine questions of insurance or questions involving relations between an employer and an insurance carrier; also, that respondent George M. Harris & Son fraudulently made use of the policy for insurance by procuring same after the accident to petitioner.

There is no doubt in my mind but that the employer, George M. Harris & Son, is primarily liable for payment of compensation for injuries to petitioner. As to the jurisdiction of the workmen's compensation bureau to find judgment against the insurance carrier, it is necesary to carefully examine the relation which the Workmen's Compensation Insurance act of 1917 and amendments bears to the Workmen's Compensation act of 1911 and amendments. After such examination it is my conclusion that the intent of the legislature in the act of 1917, and amendments, was to compel an employer to carry compensation insurance policy, and to compel the insurance carrier to be under a contractual relationship with the employer and its employes to such an extent that the insurance carrier would be liable for all damages resulting in injuries to employes of an employer arising out of and in the course of such employment. However, it was not the intent of the legislature that questions involving the policy or contract between the employer and the insurance carrier should be decided by the bureau, but it was their intent that compensation for injuries arising out of and in the course of employment should be fixed by the bureau.

There is nothing in the Workmen's Compensation act nor in the Workmen's Compensation Insurance act giving the workmen's compensation bureau jurisdiction to determine questions of insurance or questions involving relations between an employer and its insurance carrier. Such matters must be adjudicated by common law tribunals. Therefore, I am without jurisdiction to find a judgment as against the Travelers Insurance Company, but do find that respondent George M. Harris & Son is liable for compensation due the petitioner, Clarence Fooks, as a result of an accident arising out of and in the course of his employment. In order that the respondent George M. Harris & Son may be reimbursed from the insurance carrier for such compensation, George M. Harris & Son should sue in a common law court of competent jurisdiction on the policy. At that time the insurance company then will have an opportunity to present the defense of fraud in the procurance of the policy.

I do therefore find and determine as to the respondent Travelers Insurance Company that this bureau is without jurisdiction to enter judgment as against said company, but as against respondent George M. Harris & Son I do find as follows:

First. That the petitioner, Clarence Fooks, was, on the 21st day of June, 1923, in the employ of respondent George M. Harris & Son, which employment was subject to the compensation section of page 96, laws of 1911, and supplements and amendments thereto.

Second. That on the aforesaid date petitioner met with an accident arising out of and in the course of his employment; that intoxication was not the proximate cause, nor was the injury self-inflicted.

\*     \*     \*     \*     \*     \*     \*     \*     \*

CHARLES E. CORBIN,
*Deputy Commissioner.*